Benedetta Rizzo, as Administratrix, etc., of Leonardo Rizzo, Deceased, Respondent, v. Thomas E. Murray, Jr., as Receiver of Interborough Rapid Transit Company, Appellant; Triborough Bridge Authority, Appellant, Respondent, and Woodcrest Construction Company, Inc., Impleaded Defendant, Respondent.— Action for damages for death of plaintiff's decedent as a consequence of the fall of a jack and temporary timber at the conclusion of an operation involving the jacking up of certain railway tracks in Astoria. In so far as the judgment awards damages to the plaintiff against Murray, as receiver of the Interborough Rapid Transit Company, it is affirmed, with costs to the plaintiff. In so far as the judgment awards damages to the plaintiff against the Triborough Bridge Authority it is reversed on the law, with costs, and the complaint dismissed, with costs. In so far as the judgment dismisses the cross-complaint of Murray, as receiver of the Interborough Rapid Transit Company, against the Triborough

Bridge Authority, it is affirmed, with costs. In so far as the judgment dismisses the cross-complaint of the Triborough Bridge Authority against the Woodcrest Construction Company, Inc., it is affirmed, with costs. The evidence did not establish that the Interborough, through its superintendent Fox, or otherwise, obtruded itself into the detail of the work or jacking up operation being conducted by the Woodcrest Construction Company, Inc., as a subcontractor of the Triborough Bridge Authority. There was no evidence that Woodcrest, through its foreman or otherwise, apprised the Interborough that its jacking up operation had reached a stage when it was safe, so far as Woodcrest Construction Company, Inc., and its employees were concerned, to resume train operation. The evidence discloses that Fox, Interborough's engineer, on his own judgment and based on his own observation, concluded that the operation had reached a stage when train operation could be resumed. It had reached a stage when such resumption was safe so far as the railroad's passengers and employees were concerned, but it had not reached a stage where such train operation was safe so far as plaintiff's decedent was concerned. This was due to the fact that the timber which fell and struck plaintiff's decedent had not been removed or made secure and was not protected from falling on plaintiff's decedent by being safeguarded with a block and tackle, such as were upon other temporary timbers. Accordingly, the trial court was free to find that Fox, the Interborough engineer, was negligent in directing the train operation which caused the temporary timber to fall and kill plaintiff's decedent, and that such conduct was negligence which was concurrent with the negligence of the foreman of Woodcrest Construction Company, Inc., in respect of the manner in which he had the work done. Accordingly, defendant receiver of the Interborough Rapid Transit Company was properly cast in judgment. The Triborough Bridge Authority, however, breached no duty owing by it to plaintiff's decedent. It was guilty of no affirmative acts of negligence, and its employees present on the job were merely engaged in checking on the material, labor and time utilized in doing the job in connection with its obligations to the subcontractor Woodcrest Construction Company, Inc. Carswell, Davis and Adel, JJ., concur; Hargarty and Close, JJ., concur except as to the affirmance of the judgment against Murray, as receiver, etc., and as to that, vote to reverse and dismiss the complaint on the ground that no actionable negligence has been shown. The only directions given by Fox were when to jack, how much to jack and when to stop. Woodcrest Construction Company, Inc., knew that Fox was there and that his sole purpose was to see that the train passed by in safety. Fox had nothing to do with the partial release of the jack, nor, in fact, any of the operations relating to the safeguarding or removal of jacks after the shims had been placed; nor is there any proof that Fox knew or was apprised of a defect prior to directing the train to proceed. The responsibility for the jack was never taken from Woodcrest Construction Company, Inc.